IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC.   *
                               *
         v.                    *     Civil Action WMN-09-CV-3420
                               *
DANIELLE A. QUATTROCCHE,        *
TRUSTEE FOR THE SURVIVING       *
ASSETS OF Q-BALLS BAR &         *
GRILL INC. D/B/A CHUCKLES       *
BAR & GRILL, et al.             *

  *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Plaintiff's Request for Judgment By Default. Paper No. 10. The Court has received a memorandum and affidavit and concludes that a hearing is not necessary. Local Rule 105.6. The record reveals Plaintiff served the Complaint on each named Defendant and that neither Defendant answered the Complaint. Accordingly, the Clerk entered default as to Danielle A. Quattrocche, Trustee for the Surviving Assets of Q-Balls Bar & Grill, Inc. d/b/a Chuckles Bar and Grill on April 8, 2010, Paper No. 8, and as to Danielle Quattrocche on April 23, 2010, Paper No. 9, pursuant to Federal Rule of Civil Procedure 55(a). Given the default, well-pleaded allegations of the complaint are deemed admitted, except as to the amount of the plaintiff's damages. Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not

1

denied."). As explained below, the Court finds that default judgment is warranted, but rejects Plaintiff's proposed damages and adjusts the award accordingly.

Plaintiff J&J Sports Productions, Inc. (J&J) is a commercial distributor of sporting events. It purchased the nationwide television distribution rights to the <u>Undefeated, Floyd Mayweather v. Ricky Hatton, WBA Welterweight Championship Fight Program</u> (Program). It then entered into subsequent sublicensing agreements with various commercial entities throughout North America. The sublicenses granted these entities limited rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, etc.). Plaintiff alleges that Defendants violated both 47 U.S.C §§ 553 and 605 by knowingly intercepting, receiving, and exhibiting the Program without authorization. Plaintiff also states a tort claim for conversion for this same conduct. Plaintiff requests enhanced statutory damages for sections 553 and 605 in the amount of $50,000 and $100,000 respectively. Plaintiff also requests $1,500.00 in compensatory damages for its conversion claim.

Section 605 applies to the theft of a radio communication and § 553 applies to communication thefts from a cable network. Courts have found in cases with almost identical facts that the

alleged conduct violated both statutes. See e.g., Kingvision Pay-Per-View, Ltd. v. Las Reynas Restaurant, Inc., Civ. No. 4:07-67, 2007 WL 2700008, at *1 (E.D.N.C. Sept. 11, 2007); Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2, 172 F. Supp. 2d 810, 812 (S.D. W.Va. Sept. 19, 2001); Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000). Generally, however, plaintiffs cannot recover under both statutes for the same conduct and courts allow for recovery under only § 605 as it provides for greater recovery. See e.g., J&J Sports Productions, Inc. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d 469 (E.D.N.Y. 2009); Las Reynas Restaurant, 2007 WL 2700008, at *1; Backman, 102 F. Supp. 2d at 1197. Courts have similarly not allowed recovery for claims of conversion as they would not exceed those under §§ 553 or 605 and would result in double recovery. See J&J Sports Productions, Inc. v. J.R.'Z Neighborhood Sports Grille, Inc., Civ. No. 2:09-03141, 2010 WL 1838432, *2 (D.S.C. 2010); Columbia Cable TV Co., Inc. v. McCary, 954 F. Supp. 124, 129 (D.S.C. 1996). Thus, in light of the entry of default, the Court finds that Plaintiff has stated a valid claim under § 605(a) and will not consider damages under § 553 or for Plaintiff's conversion claim.

Section 605(e)(3)(C)(i) allows Plaintiff to elect to recover either actual damages or lost profits, or statutory damages. Here, Plaintiff has elected an award of statutory

3

damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a). Courts in this Circuit have used two different approaches to exercising its discretion in awarding damages under § 605(e)(3)(C)(i)(II). The first approach has two variations. This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. Joe Hand Promotions, Inc. v. Bougie, Inc., Civ. No. 109-00590, 2010 WL 1790973, at * 5 (E.D. Va. April 12, 2010) (patrons present); Admiral's Anchor, 172 F. Supp. 2d at 812 (maximum occupancy); Entertainment by J&J, Inc. v. Gridiron, Inc., 232 F. Supp. 2d 679, 681 (S.D. W.Va. 2001) (maximum occupancy). The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. 291 Bar & Lounge, 648 F. Supp. 2d at 474. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. Id. The other approach to calculating damages is to award a flat sum per violation. J.R.'Z Neighborhood Sports Grille, 2010 WL 1838432, at *1

($5000); Angry Ales, 2007 WL 3226451, at *5 ($1000); Kingvision Pay-Per-View Ltd. v. Gadson, Civ. No. 1:04-678, 2007 WL 2746780, at * 2 (M.D.N.C. Sept. 18, 2007) ($10,000); Las Reynas Restaurant, 2007 WL 2700008, at * 3 ($2000).

Here, Plaintiff attaches an affidavit from an investigator from the United States Enforcement Bureau (a privately retained investigative agency) stating that he witnessed seven televisions showing the Program in Defendants' establishment. The investigator counted between 60 and 61 patrons during the time he was present, approximately 8 minutes, and estimated the capacity of the establishment to be 150 people. The investigator also stated that he paid a $5 cover charge to enter Defendants' establishment. Plaintiff does not provide, however, the amount used to calculate the license fee. Plaintiff requests $1500 as compensatory damages for its conversion claim suggesting that amount would be the license fee that it would have obtained from Defendants had they legally obtained the broadcast. Plaintiff does not provide any proof to support that amount, however. Thus, at best, the evidence shows that Defendants realized a profit of $305.00.

Plaintiff has also argued that it is entitled to enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which authorizes damages awards of up to $100,000 when "the violation

was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain. . . ." In determining whether enhanced damages are warranted, other courts in this Circuit have looked to several factors: 1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gains; 4) advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks. Bougie, 2010 WL 1790973, at * 6; J.R.'Z Neighborhood Sports Grille, Inc., 2010 WL 1838432, at * 2; Las Reynas Restaurant, 2007 WL 2700008, at * 3 Gadson, 2007 WL 2746780, at * 3.

Plaintiff here has been a Plaintiff in many other nearly identical cases and is on notice as to the kind of evidence to which the courts look in determining statutory damages. Instead of providing such evidence, it has chosen to argue that the award should be the statutory maximum, including enhancement, of $100,000. This amount is extraordinarily excessive in relation to awards in other similar cases and Plaintiff provides no grounds for such a deviation, especially when the evidence available shows profits to Defendants far below the $1000 statutory minimum. Thus, the Court finds that the statutory minimum damages of $1000 is an appropriate award. Accord 291

6

Bar & Lounge, 648 F. Supp. 2d at 474; Angry Ales, 2007 WL 3226451, at *5.

As to enhancement, there is no question that Defendants' actions here were willful and for direct or indirect commercial advantage. Plaintiff alleges that its Program was encrypted and made available only to Plaintiff's customers. It is exceedingly unlikely that Defendants could have accidentally and fortuitously received the Program. Accord Las Reynas Restaurant, 2007 WL 2700008, at *2 n.3; Gridiron, 232 F. Supp. 2d at 681 n.5. Moreover, Defendants charged a cover charge providing it with financial gain, albeit a very minimal one. There is not, however, evidence of repeat violations or that Defendants advertised the Program. While courts should adequately compensate distributors for their losses and punish violators, "the principle of proportionality governs here: distributors should not be overcompensated and statutory awards should be proportional to the violation." Backman, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000). Where there are no allegations of repeat behavior or otherwise egregious willfulness warranting harsh punitive damages, courts in this Circuit have varied in awarding enhanced damages from no enhanced damages to up to five times the statutory damage amount. J.R.'Z Neighborhood Sports Grille, 2010 WL 1838432, at

*2 (multiplied statutory damages by factor of three); <u>Angry Ales</u>, 2007 WL 3226451, at *5 (factor of two); <u>Gadson</u>, 2007 WL 2746780, at * 3 (no enhanced damages); <u>Admiral's Anchor</u>, 172 F. Supp. 2d at 812 (factor of five); <u>Gridiron</u>, 232 F. Supp. 2d at 681 (factor of five);; <u>Las Reynas Restaurant</u>, 2007 WL 2700008, at * 3 (factor of three).  Here, the willfulness and charging of a cover charge warrant enhanced damages multiplying the statutory damages by a factor of 5 for total damages of $5000.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's Request for Judgment By Default will be granted and damages in the amount of $5000 awarded to Plaintiff jointly and severally against Defendants. A separate order will issue.

_____/s/_____<br>William M. Nickerson<br>Senior United States District Judge

DATED: June 7, 2010